UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LANCE LOGAN,

                Plaintiff,

         - against -

WORLD LUXURY CARS, INC.;
NADIA LEV; and ARIK LEV,

                Defendants.
-------------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
15-CV-248 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Lance Logan brought this action, alleging that his former employers, World Luxury Cars, Nadia Lev, and Arik Lev, violated his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6 §§ 190–99, and Art. 19 §§ 650–655 ("NYLL"). Logan served the defendants twice, but both times they failed to respond. (*See* Doc. Nos. 3, 6, 7, 8.) The Clerk of Court subsequently entered a certificate of default as to all defendants. (Doc. Nos. 9, 10.) Logan moved for default judgment, and his motion was referred to the assigned Magistrate Judge, the Honorable Peggy Kuo for a Report and Recommendation ("R&R"). (Def. J. Mot. (Doc. No. 14).)

Judge Kuo issued an R&R, recommending that Logan's motion be granted. (R&R (Doc. No. 28).) Judge Kuo reminded the parties that, pursuant to Federal Rule of Civil Procedure ("Rule") 72(b), any objection to the R&R must be filed within 14 days of service, and directed Logan to serve copies of the R&R on the defendants. Logan properly served the defendants. (Doc. No. 29.) No party has filed any objection, and the time to do so has since expired.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, it is hereby ordered that default judgment be entered in favor of Logan as against World Luxury Cars, Nadia Lev, and Arik Lev, jointly and severally, in the amount of $240,838.13 plus post-judgment interest, comprised of:

(i)     $340.00 in unpaid minimum wages;

(ii)    $98,448.00 in unpaid overtime compensation;

(iii)   $816.00 in unpaid spread-of-hours premium;

(iv)    $2,500.00 in statutory damages for the NYLL wage statement claim;

(v)     $77,194.00 in liquidated damages under the NYLL;

(vi)    $49,586.64 in pre-judgment interest, plus $24.56 per day to the date of judgment;

(vii)   $11,315.00 in attorneys' fees;

(viii)  $638.49 in costs;

(ix)    Post-judgment interest as provided in 28 U.S.C. § 1961, to run from the date of judgment until the judgment is satisfied; and

(x)     Non-payment interest of 15 percent, if the conditions of NYLL § 663(4) are met.

The Clerk of Court is directed to enter judgment pursuant to this Order and to close this case. Logan is ordered to mail a copy of this Order and the accompanying Judgment on the

defaulting defendants, and to file a letter with the Court confirming compliance within one week

of the filing of this Order.

SO ORDERED.

Dated: Brooklyn, New York
       _June 1_    , 2018

                        *s/Roslynn R. Mauskopf*

                        _____

                        ROSLYNN R. MAUSKOPF
                        United States District Judge