UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LANCE LOGAN, on behalf of himself and all
others similarly situated,

                           Plaintiff,

              -against-

WORLD LUXURY CARS, INC. d/b/a Boss Auto
Premier, NADIA LEV and ARIK LEV, each in
their individual and professional capacities,

                         Defendants.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

1:15-cv-00248 (ENV) (PK)

VITALIANO, D.J.

      Plaintiff Lance Logan commenced this action on January 16, 2015, alleging, *inter alia*, that defendants World Luxury Cars, Inc. d/b/a Boss Auto Premier, Arik Lev, and Nadia Lev failed to pay him the overtime pay and minimum wage he was guaranteed under the federal Fair Labor Standards Act ("FLSA") and corresponding provisions of the New York Labor Law ("NYLL"). *See* Compl., Dkt. 1, ¶ 1. In due course, judgment was entered against defendants on default. Years later, defendants moved to vacate the default. Dkt. 35. Magistrate Judge Peggy Kuo recommended that the motion be denied in a Report and Recommendation ("R&R") she issued on March 30, 2022. Dkt. 47. Defendants timely objected to the R&R on April 12, 2022. Defs.' Objs., Dkt. 48. Plaintiff filed his opposition on April 26, 2022. Dkt. 50. For the reasons that follow, the objections are overruled, and the R&R is adopted in its entirety as the opinion of the Court.

## Background

      The factual and procedural history of this action is recounted in detail in the R&R. *See* R&R at 1–4. The familiarity of the parties with this history is presumed and will not be needlessly

repeated here. Recitation of the procedural timeline, though, might be helpful to the understanding of this decision. It begins with the complaint Logan filed on January 16, 2015. When the complaint was met with silence, plaintiff, following the Court's local rules, began his litigation journey toward default judgment on May 11, 2015, with a request for a certificate of default. *See* Dkt. 9. Logan would ultimately move for entry of default judgment on August 27, 2015. *See* Dkt. 14. On September 25, 2017, Magistrate Judge Peggy Kuo issued a Report and Recommendation recommending that the motion be granted. *See* Dkt. 28. Judge Roslynn R. Mauskopf adopted that Report and Recommendation as the opinion of the Court on June 1, 2018. *See* Dkt. 30. Three years later, on July 19, 2021, defendants moved to vacate the default judgment. Dkt. 35. Upon reference to her, Judge Kuo issued the subject R&R on March 30, 2022. The instant motion followed.

## Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Importantly, when a magistrate judge has issued a report and recommendation as to a dispositive matter, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). However, "as to 'those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record' in order to accept it." *Freedom Mortgage Corp. v. Powell*, No. 18 Civ. 4265 (ENV) (CLP), 2020 WL 4932145, at *1 (E.D.N.Y. Aug. 24, 2020) (quoting *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)).

Importantly, Rule 72(b)'s *de novo* review standard applies only to recommendations as to *dispositive* matters. Conversely, for *non-dispositive* matters, Rule 72(a) merely directs that such reports and recommendations, even when objected to, are reviewed only to ensure they are neither clearly erroneous nor contrary to law. *Arista Records*, 604 F.3d at 116. Of significance here, courts in this district have repeatedly held that vacatur of a default judgment order is non-dispositive. *Li v. Fleet New York Metro. Reg'l Ctr. LLC*, No. 21 Civ. 5185 (PKC) (RER), 2022 WL 1666963, at *2 n.2 (E.D.N.Y. May 25, 2022); *Renna v. Bright Mountain Media, Inc.*, No. 19 Civ. 5510 (LDH), 2020 WL 6786011, at *1 n.1 (E.D.N.Y. Oct. 19, 2020); *Sheet Metal, Air, Rail, and Transp. Workers Loc. Union No. 137 v. Frank Torrone & Sons, Inc.*, No. 15 Civ. 2224 (KAM) (PK), 2018 WL 4771897, at *8 (E.D.N.Y. Oct. 3, 2018); *see also Unger v. Sogluizzo*, 673 Fed. App'x 250, 252 n.2 (3d Cir. 2016). Accordingly, clear error is the standard of review that is controlling on defendants' motion, notwithstanding their protestations to the contrary and their citations to inapposite circuit court cases describing the standard of review of questions of law on appeal rather than of reports and recommendations by the district court. *See* Defs.' Objs. at 5 (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).

Discussion

I. Service of Process

Defendants did not object to Judge Kuo's finding that service was properly effected on the corporate defendant, and therefore, that finding will be adopted as the opinion of the Court without objection. Nevertheless, because the balance of defendants' objections turn in one way or another on the propriety of service, a more inclusive analysis of plaintiff's service of process is helpful to an understanding of the Court's decision.

To that effect, the R&R correctly noted that service on a corporate defendant "is complete

once [it] is effectuated through the Secretary of State under N.Y. Bus. Corp. Law § 306(b)(1)," and that "a plaintiff has no further obligation to contact defendants in order to complete service" thereafter. R&R at 7–8. New York law requires corporations to advise the Secretary of State of any change of address, and accordingly, because plaintiff served World Luxury Cars through the Secretary of State, service on that defendant was necessarily proper, regardless of whether the address on file was correct. *Id.* at 8–9; *see also Trustees of Loc. 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 276 (E.D.N.Y. 2010) (corporate defendant's "failure to update its address would militate strongly against vacatur"). Moreover, to the extent the individual defendants managing the corporate defendant were also served, as discussed below, those individuals had, at a minimum, actual notice of the action against the corporate defendant.

The individual defendants, of course, openly decry the propriety of service on themselves, making that improper service claim their lead objection to Judge Kuo's R&R. Defs.' Objs. at 2–6. The objection, as might be imagined, does not contest the well-ingrained understanding that service on an individual defendant is proper when made to "a person of suitable age and discretion" at their "actual place of business/employment." *Id.* at 2; R&R at 10 (citing N.Y. C.P.L.R. § 308(2)). In this regard, the R&R noted that "New York courts have construed actual place of business to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by [the defendant] with that place of business." R&R at 10 (quoting *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002)) (alteration original) (internal quotation marks omitted).

As the R&R found, Logan has touched all the bases necessary to effect this type of service on the individual defendants. His complaint describes "Nadia Lev as 'an owner and the Chief Executive Officer of Boss Auto,' who made business and managerial decisions for Boss Auto and

4

maintained employment records for the company's employees," and "Arik Lev as 'an owner of and/or supervisor at Boss Auto,' who determined employees' hours and rates of pay and routinely exercised his hiring and firing authority, 'including with respect to his decision to hire and terminate'" Logan.  R&R at 11 (quoting Compl. ¶¶ 10–11, 19–21).  These factual allegations plausibly place both defendants at Boss Auto's place of business as the site of their own employment.  While the individual defendants now deny these allegations, as the R&R found, Arik Lev conceded that "he was 'an associate' of the person he claims is the owner of Boss Auto Premier, and referred customers there often enough that they had a mutually beneficial business relationship," and that Nadia Lev did not submit anything to dispute this contention.  R&R at 12.  Judge Kuo therefore found that, at a minimum, the individual defendants' business interests were intertwined with Boss Auto's to the extent that Boss Auto was one of the individual defendants' actual places of business.  Based on the cited reasoning, the Court concludes that this finding is not clearly erroneous, and therefore that defendants' objections to it should be overruled.

In a last-ditch sidebar attack, defendants argue that Judge Kuo erroneously placed the burden on defendants to disprove proper service rather than on Logan to prove it.  Defs.' Objs. at 2–3.  But this misstates Judge Kuo's R&R, which instead noted that "[p]laintiff provided detailed allegations that clearly connect the Jamaica Address to the work of the Individual Defendants." R&R at 11.  Because "[a] default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true," *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 141 (E.D.N.Y. 2013), Logan's allegations became admissions upon defendants' default, and therefore, those allegations are sufficient to support the subsequent default judgment.  Given this foundational history, the Court therefore concludes that Judge Kuo's R&R on this point was not contrary to law, and therefore adopts it.

5

II. The "Wrong Party" Defense

Defendants' second objection to the R&R is that the defendants are not the correct parties. Defs.' Objs. at 6–9. Assuming without deciding that this objection is properly interposed, it is without merit. It is certainly true that a movant's factually supported claim that it is the wrong party constitutes a meritorious defense, which, in turn, could therefore support vacatur of a default judgment order. *See, e.g.*, *In re Rymsbran Cont'l Corp.*, 177 B.R. 163, 171 (E.D.N.Y. 1995); *Video Power Int'l, Inc. v. Sardella*, No. 89 Civ. 3201, 1990 WL 47777, at *2 (E.D.N.Y. Apr. 3, 1990). But, that is not the case here.

The shortfall for defendants, moreover, is not in the law, but in the facts. The R&R emphatically described the evidentiary landscape in Logan's favor on this point. The R&R ticked off the compelling factual allegations made by Logan, noting that plaintiff made allegations that the individual defendants "required [p]laintiff to do work for them at their residence," that Arik Lev "required [p]laintiff to drive people on his behalf and paint his Brooklyn auto shop," and that Arik Lev "managed, supervised, and fired [p]laintiff as a maintenance worker," all of which went unrefuted by defendants. R&R at 16. Courts in this circuit have found that factually unrefuted allegations that an individual defendant is the "owner, partner, or manager" of a corporate employer, on which the individual defendant then defaults, are sufficient to qualify the individual defendant as an "employer" under FLSA and NYLL. *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 685–86 (S.D.N.Y. 2011); *see also Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 534–36 (E.D.N.Y. 2007). The Court accordingly concludes that Judge Kuo's reasoning in accepting these unrefuted allegations is devoid of clear error and is not contrary to law. The recommendation on this point is therefore adopted.

6

    III.    The *McNulty* Factors

In their third and final objection, defendants argue that the R&R improperly applied the factors in *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Defs.' Objs. at 9–14. *McNulty* provides that a district court's determination on a motion to vacate a default judgment "is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *McNulty*, 137 F.3d at 738.

As discussed in resolving defendants' earlier objections to the R&R, defendants make naked assertions advanced in the guise of meritorious defenses. Factual support for their assertions is non-existent. Accordingly, the second McNulty factor does not boost defendants' contentions, and further discussion of it is unnecessary. The first and third factors require slightly more analysis.

Regarding the first factor, Judge Kuo concluded based on the record evidence that willfulness should be inferred from the circumstances revealed. In particular, she noted that—contrary to the definitions of willfulness that defendants advance in their objections—a defendant claiming that they were not served will be considered willfully in default unless they factually substantiate their claim. R&R at 13–14 (citing *Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 17 Civ. 5001 (MKB) (RML), 2020 WL 7249249, at *2 (E.D.N.Y. July 2, 2020), *report and recommendation adopted*, 2020 WL 6390162 (E.D.N.Y. Nov. 2, 2020)). Judge Kuo concluded that, among other facts pointing to the same conclusion, the facts that service was proper, that the default judgment motion was delivered to them by first class mail, and that the only attempt at service that ever failed was due to the stated reason "refuse to accept" meant that defendants' arguments regarding service were not adequately substantiated. *Id.* at 14–15.

7

Taken together, the R&R found that these facts supported the conclusion that defendants' default was willful. *Id.* at 15. Having reviewed this reasoning, the Court concludes that this recommendation in the R&R is neither clearly erroneous nor contrary to law.

Finally, regarding the third *McNulty* factor, prejudice to the plaintiff, the defendants claim that the R&R's finding that Logan would be prejudiced by vacatur is improper because "delay alone is not a sufficient basis for establishing prejudice." Defs.' Objs. at 13 (quoting *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013)). Once again, defendants misstate the R&R's conclusions. Judge Kuo found prejudice not because of delay *alone*, but because the exceptionally lengthy seven-year delay here "is likely to lead to the loss of evidence should the judgment be vacated." R&R at 17. Defendants describe this reasoning as "doublethink," Defs.' Objs. at 13, but this fails to comprehend the difference between delay *alone* and the *effects* of delay, which Judge Kuo reasonably inferred would likely flow from the delay. *See also Murray Eng'g*, 2013 WL 1809637, at *5 (noting that prejudice can be established by showing that "delay will result in the loss of evidence"). In any event, given the three-year delay by defendants in making any attempt to address their default, the willfulness and absence of a meritorious defense to plaintiff's claim of proper service dominate the *McNulty* analysis. Accordingly, having reviewed Judge Kuo's reasoning as to the *McNulty* factors, the Court concludes that the R&R is neither clearly erroneous nor contrary to law on those points, and therefore adopts it.

<u>Conclusion</u>

Since the Court concludes that Judge Kuo's report and recommendation is neither clearly erroneous nor contrary to law, it is adopted in its entirety as the opinion of the Court.

So Ordered.

Dated: Brooklyn, New York
       December 18, 2022

                                              /s/ Eric N. Vitaliano
                                              ERIC N. VITALIANO
                                              United States District Judge